UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FRANKIE HUNTER,

    Petitioner,

v.                                              Case No.  13-00039

UNITED STATES OF AMERICA,

    Defendant.
                                                   /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On October 24, 2013, Petitioner Frankie Hunter, proceeding *pro se*, filed a petition claiming all interest in $77,488.69, which the United States seized from Regions Bank Account # 019207201 in the name of Frankie Hunter, on September 16, 2013.  On November 22, 2013, the United States responded and moved to dismiss Hunter's petition for lack of standing and failure to state a claim under Fed. R. Crim. P. 32.2(c).

Rule 32.2(c)(1)(A) provides: "In [an] ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."  *Id.*  "[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)."  *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009) (citation omitted).  Thus, the petition's non-conclusory factual allegations are taken as true and construed in favor of the petitioner.  *Id.* at n. 11.  "Where a petitioner fails to allege or make a prima facie showing of any legal right, title or interest in the forfeited property, no hearing or trial is mandated."  *United States v. Fabian*, No. 1:11-cr-157, 2013

WL 150361, at *4 (W.D. Mich. Jan. 14, 2013).

Under 21 U.S.C. § 853(n)(3), a third-party petitioner must sign his petition under penalty of perjury and "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." Hunter's petition plainly does not meet these requirements. It does not set forth the nature and extent of his title in the claimed property, it does not describe how he acquired title or interest in the property, and it is not signed under penalty of perjury. Indeed it does not even come close—Hunter's petition identifies the bank account that was seized by the government and states that he is "claiming all interest in set forfeited property or currency" without providing any additional detail. Section 853(n)'s requirements are not mere formalities that may be easily waived—they are essential to establishing standing and ascertaining petitioner's willingness to swear the truth of his claim in an area fraught with falsity. *See Fabian*, 2013 WL 150361, at *8; *United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013). Accordingly,

IT IS ORDERED that Defendant's motion to dismiss [Dkt. # 4] is GRANTED and Hunter's petition [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE. If Petitioner does not amend his petition to satisfy the statutory requirements by **February 27, 2014**, this dismissal will be with prejudice.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 4, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 4, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-00039.HUNTER.OrderDismissPetition.jac.wpd