**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

FRANKIE HUNTER,

    Petitioner,

v.  Case No. 13-mc-39

UNITED STATES OF AMERICA,

    Respondent.
                                                       /

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

This is an ancillary proceeding to *United States v. Michael Lusk*, No. 09-20314. Currently pending before the court is the government's motion to dismiss Hunter's petition challenging the government's seizure of $77,488.69 from Regions Bank Account # xxxxxx2011 ("the Bank Account").

In its motion to dismiss, the government extensively argues that Hunter does not qualify for relief under 21 U.S.C. § 853(n)(6) because he served as a mere nominee of the criminal defendant, Michael Lusk, thereby depriving him of a legal interest in the Bank Account. Much of the case law cited by the government is from jurisdictions outside of the Sixth Circuit, including a "dominion and control" test used by the Fourth Circuit to determine whether a petitioner has acted as a "mere nominee" for a criminal defendant. *See, e.g. United States v. Bryson (In re Bryson)*, 406 F.3d 284, 291 (4th Cir. 2005)*; United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000). However, the Sixth Circuit appears to utilize a different approach, looking to state law to determine the nature of the property interest involved in a forfeiture proceeding. *See, e.g.*, *United*

States v. Smith, 966 F.2d 1045, 1054 n.10 (6th Cir. 1992); *United States v. O'Dell*, 247 F.3d 655, 680 n.9 (6th Cir. 2001).

Given that the subject property was located in Mississippi before the sale which provided the funds in the Bank Account, it would seem that Mississippi law should apply to determine the nature of Hunter's interest in the Bank Account's funds. However, it is unclear whether Mississippi law recognizes a distinction between parties who hold legal title to a property, and those who do so as a "mere nominee" of a criminal defendant. Accordingly,

IT IS ORDERED that the government is DIRECTED to file a supplemental brief of no more than ten pages by **August 29, 2014**, answering whether:

1. Mississippi (or some other state's) law should apply to this action and, if so;

2. Whether Hunter has a "legal interest" in the Bank Account under the relevant state's law.

Hunter may respond in a brief of no more than ten pages by **September 5, 2014.**

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: August 20, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 20, 2014, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522